UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

PAUL NORFLEET,

    Petitioner,

v.                                        Civil No. 4:16cv129
                                            Criminal No. 4:08cr114
UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

This matter is before the Court on Paul Norfleet's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 208. Petitioner's § 2255 motion advances two claims, the first challenging Petitioner's conviction under 18 U.S.C. § 924(c) based on the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015), and the second alleging ineffective assistance of trial counsel.[1] In response to such filing, the Government filed a motion to dismiss Petitioner's § 2255 motion as untimely. For the reasons set forth below, the Government's motion to dismiss is **GRANTED** as to all § 2255 claims, and Petitioner's Johnson claim is alternatively **DENIED** on the merits in light of the Fourth Circuit's intervening decision in United States v. Evans, 848 F.3d 242 (4th Cir.), cert. denied, 137 S. Ct. 2253 (2017).

---

[1] Petitioner's second claim includes several subclaims outlining trial counsel's purported errors.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May of 2008, Petitioner and two co-conspirators committed an armed carjacking. ECF No. 204. After the victim of the carjacking escaped and alerted police, Petitioner and one of his co-conspirators were apprehended. Id. In November of 2008, a federal grand jury returned a multi-count indictment charging Petitioner with three felony counts, including carjacking, in violation of 18 U.S.C. § 2119, and using and brandishing a firearm during and in relation to a crime of violence (carjacking), in violation of 18 U.S.C. § 924(c)(1). ECF No. 20. Petitioner pled not guilty to the charges and proceeded to a jury trial.

On May 28, 2009, at the conclusion of a multi-day jury trial, the jury returned a verdict finding Petitioner guilty of all three felony counts, further finding that the firearm in question was "brandished." ECF No. 143. On August 21, 2009, Petitioner was sentenced to a total term of 205 months imprisonment, consisting of 151 months on the carjacking count, and 84 months consecutive on the firearm brandishing count. ECF No. 166. Petitioner timely appealed his conviction and sentence, and the United States Court of Appeals for the Fourth Circuit affirmed. United States v. Norfleet, 401 F. App'x 833, 835 (4th Cir. 2010). Petitioner did not file a petition for

writ of certiorari, nor did he file a § 2255 motion in the wake of the Fourth Circuit's ruling.

In May of 2016, Petitioner submitted a letter-motion to this Court seeking to litigate a claim pursuant to the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). ECF No. 199. After subsequent filings in this Court, and in the Fourth Circuit, Petitioner filed the § 2255 motion now pending before this Court. ECF No. 206. Such motion seeks relief on the following two grounds: (1) Petitioner's carjacking offense does not qualify as a "crime of violence" in light of the Supreme Court's ruling in Johnson; and (2) trial counsel rendered ineffective assistance during 2008/2009, as evidenced by trial counsel's purported disbarment. ECF Nos. 206, 208. In response, the Government moved to dismiss Petitioner's § 2255 motion, arguing that such motion is untimely because the holding in Johnson is limited to the constitutionality of the Armed Career Criminal Act ("ACCA"), a statute that does not apply to Petitioner's case. ECF No. 209. Petitioner filed a reply brief in opposition to dismissal, highlighting several potentially dispositive cases pending before the Fourth Circuit, and the United States Supreme Court. See ECF No. 213, at 1 (citing cases, including Dimaya v. Lynch, No. 15-1498, a still undecided case that was reargued before the Supreme Court earlier this term as Sessions v. Dimaya).

While this Court did not enter an order staying this case, in light of the pending cases highlighted in Petitioner's reply/opposition to dismissal, the Court informally held this matter in abeyance. Although Dimaya remains outstanding as of the date of this Opinion and Order, intervening Fourth Circuit case law demonstrates that Petitioner's Johnson claim lacks merit irrespective of the outcome of Dimaya. Accordingly, Petitioner's § 2255 motion is ripe for review.

## II. STANDARD OF REVIEW

A § 2255 motion is, in essence, a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. United States v. Hadden, 475 F.3d 652, 663 (4th Cir. 2007). To obtain § 2255 relief, a petitioner bears the burden of proving that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner must prove the asserted grounds by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

The existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary

4

method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). To the contrary, with limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). A § 2255 petitioner need not, however, overcome such "higher hurdle" to advance a freestanding claim of ineffective assistance of counsel, which is properly asserted for the first time in a § 2255 motion. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). To obtain relief based on an allegation of ineffective assistance, a petitioner must establish both: (1) that counsel's performance was so deficient that it fell below an objective standard of reasonableness; and (2) that counsel's inadequate performance caused the petitioner prejudice. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

Congress and the President have established a one-year limitations period within which a petitioner must file a § 2255 motion. 28 U.S.C. § 2255(f). The one-year limitations period begins running on the latest of four dates: (1) the "date on which the judgment of conviction becomes final"; (2) the date on which certain government-created impediments to filing are removed; (3) the date on which a new right has been recognized by the Supreme Court and made retroactively applicable to cases

5

on collateral review; or (4) the date on which facts supporting the claim could be discovered through due diligence. Id. (emphasis added).

### III. DISCUSSION

#### A. Johnson Claim

Petitioner's § 2255 motion, filed pro se and construed liberally, asserts that this Court was without authority to convict or sentence Petitioner on the § 924(c) firearm brandishing charge. Specifically, Petitioner contends that, in light of the Supreme Court's Johnson decision, Petitioner's carjacking conviction does not qualify as a "crime of violence" as defined in § 924(c)(3). In Johnson, the Supreme Court invalidated the "residual clause" contained in the ACCA based on the Court's finding that such statutory clause was constitutionally overbroad in defining crimes that qualify as a "violent felony" for ACCA sentencing purposes. Johnson, 135 S. Ct. at 2556 (quoting 18 U.S.C. § 924(e)(2)(B)). The Johnson opinion did not squarely address the constitutionality of the differently phrased "residual clause" contained in § 924(c)(3).

Addressing the threshold timeliness issue raised in the Government's motion to dismiss, it is well-established that, in Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court expressly declared the Johnson holding to be retroactively applicable to § 2255 cases. Federal inmates were therefore able

to invoke 28 U.S.C. § 2255(f)(3) in order to advance a timely Johnson claim through late June of 2016 irrespective of the date a prisoner's federal conviction and sentence became final. However, here, the Government asserts that Petitioner's Johnson claim cannot benefit from the § 2255(f)(3) extended limitations period because it is not a "true" Johnson claim in that Petitioner was **not** sentenced under the ACCA. This Court agrees with the Government's timeliness argument, noting the Fourth Circuit's analysis of a similar issue in United States v. Brown, 868 F.3d 297 (4th Cir. 2017). In Brown, the Fourth Circuit explained that the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886, 892 (2017) "confirms that the Supreme Court has yet to recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to ACCA's residual clause," further holding that because Johnson "did not touch upon the residual clause at issue" in Brown, the petitioner's effort to extend Johnson was untimely under § 2255(f)(3). Id. Similarly, here, Petitioner's effort to extend Johnson's reasoning to a statutory residual clause outside the ACCA is untimely, and it is therefore **DISMISSED**.

Alternatively, assuming that Petitioner's Johnson claim is timely, such claim nevertheless fails on the merits. Petitioner's § 924(c) conviction required the Government to

7

prove that Petitioner committed a "crime of violence," and such term is defined by federal statute in two _alternative_ ways: (1) through an "elements clause," requiring that the crime at issue have the "use, attempted use, or threatened use of physical force" _as an element_ of the offense; or (2) through a "residual clause," requiring that the crime at issue involve "a substantial risk that physical force" will be used against the person or property of another. 18 U.S.C. § 924(c)(3)(A) & (B). In the wake of Johnson, federal courts have reached conflicting results when determining whether Johnson's holding should be extended to invalidate the § 924(c)(3)(B) residual clause. See, e.g., United States v. Taylor, 814 F.3d 340, 378-79 (6th Cir. 2016) (discussing the conflicting results reached by various federal courts when considering whether Johnson should be extended beyond the ACCA).² Although the Fourth Circuit has yet to resolve such difficult constitutional issue, an intervening published decision from the Fourth Circuit rendered such issue irrelevant in cases involving § 2119 "carjacking" convictions. See United States v. Evans, 848 F.3d 242 (4th Cir.), cert. denied, 137 S. Ct. 2253 (2017).

---

² Such varying results to a difficult constitutional question have caused this Court to formally enter stay orders in numerous § 2255 cases pending the resolution of multiple outstanding Fourth Circuit and Supreme Court cases, most notably Dimaya. As noted above, in the instant action, a formal stay order was not requested or entered.

In Evans, the Fourth Circuit concluded that a conviction under the federal carjacking statute categorically "qualifies as a crime of violence under Section 924(c), because the carjacking statute 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" Id. at 244 (quoting 18 U.S.C. § 924(c)(3)(A)). Accordingly, here, Petitioner's challenge to the legality of his § 924(c) conviction and sentence based on the holding in Johnson fails as a matter of law, because even if Johnson's holding is extended to the § 924(c)(3)(B) residual clause, Petitioner's felony carjacking conviction remains a qualifying "crime of violence" under the elements clause in § 924(c)(3)(A). Because the holding in Dimaya addressing whether Johnson extends beyond the ACCA context will not alter the resolution of Petitioner's Johnson claim, such claim is alternatively denied.

**B. Ineffective Assistance of Counsel**

Petitioner's second claim for relief attacks defense counsel's performance on various grounds, including failure to investigate and failure to challenge jury instructions. Petitioner's ineffective assistance claims, however, "have nothing to do with Johnson," and they therefore "needed to have been raised within [one] year" of the date Petitioner's conviction and sentence became final. United States v. Turpin, No. 6:06cr25, 2017 WL 121070, at *3 (W.D. Va. Jan. 12, 2017);

9

see Moon v. United States, No. 5:04cr380, 2016 WL 6108630, at *4 (E.D.N.C. Oct. 19, 2016) (explaining that because the § 2255 limitations period applies on a claim by claim basis, the petitioner's ineffective assistance claims were untimely even though his Johnson claim was timely filed); Capozzi v. United States, 768 F.3d 32, 33 (1st Cir. 2014) ("We now join all of the other circuits that have decided the question, and we hold that the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis.") (citations omitted). As argued by the Government, because Petitioner's ineffective assistance claims were raised many years after Petitioner's conviction and sentence became final, they are dismissed as untimely.[3]

---

[3] Petitioner asserts that, consistent with 28 U.S.C. § 2255(f)(4), he filed his motion within one year of his "recent" discovery that his former counsel had been "disbarred for unethical dealings," and that such newly discovered fact both creates a "conflict of interest" and explains why counsel performed so poorly in this case. ECF No. 208. Even assuming that Petitioner's factual assertion is true (this Court is not aware of such local practitioner's disbarment), Petitioner fails to allege why such fact was not previously discoverable with due diligence, and further fails to allege any factual details about such alleged disbarment, including when it purportedly occurred. To the extent some negative action from the Virginia State Bar is purported to have occurred in 2008 or 2009 during defense counsel's active representation of Petitioner, such fact would have been discoverable long prior to the filing of Petitioner's § 2255 motion. To the extent "disbarment" is purported to have occurred sometime after 2009, Petitioner fails to allege either: (1) how such fact could have created a "conflict" during counsel's earlier-in-time representation; (2) why such fact was not discoverable until sometime in early 2016; and/or (3) why discovery of such fact was necessary to advance ineffective assistance claims predicated on trial counsel's failure to investigate, failure to put on an effective defense, or failure to challenge jury instructions. Accordingly, Petitioner's conclusory effort, to demonstrate that "newly discovered information" renders his ineffective assistance claims timely, fails on its face.

## IV. CONCLUSION

For the foregoing reasons, the Government's motion to dismiss is **GRANTED**, and Petitioner's § 2255 motion is **DISMISSED** as untimely. Alternatively, Petitioner's Johnson claim is **DENIED** on the merits. Finding that the procedural basis for dismissal of Petitioner's § 2255 motion is not debatable, and alternatively finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability as to Petitioner's § 2255 motion is **DENIED**. 28 U.S.C. § 2253(c)(2); see R. Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).

Petitioner is **ADVISED** that, because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. R. Gov. § 2255 Proceedings for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Court of Appeals, he must do so **within sixty (60) days** from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner and the United States Attorney's Office in Newport News, Virginia.

**IT IS SO ORDERED.**

/s/ _____
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 9, 2018